FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 27 2009

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THE FLAG COMPANY, a Georgia Corporation,

Plaintiff,

vs.

STEVEN A CHAN, LLC (d/b/a FIVE STAR FLAGS and/or VIA5), a California Limited Liability Company, and STEVEN A. CHAN, a California resident,

Defendant

Case No.: 1:09-CV-1880

## ANSWER TO COMPLAINT and AFFIRMATIVE DEFENSES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Specially appearing Defendant STEVEN A. CHAN ("Chan"), and files with the Court Chan's Answer and Affirmative Defenses to The Flag Company (Plaintiff) Complaint for Trademark Infringement, Deceptive Trade Practices, and Cybersquatting as follows:

1. Chan denies as stated, all the allegations contained in Paragraph 1 of Plaintiff's Complaint. Further answered, Chan admits the Complaint purports to assert claims for various causes of action, which claims are denied. Chan admits Complaint seeks various forms of relief, and Chan denies that Plaintiff is entitled to any such relief. All allegations of Paragraph 1 of Plaintiff's complaint not specifically herein admitted are denied.

2. Chan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Chan denies as stated the allegations contained in Paragraph 3 of the Plaintiff's Complaint. By way of further answer, Chan states that Steven A. Chan LLC has been formally dissolved, and is no longer a legal entity.

4. Chan admits he is a resident of the State of California who resides at 720A Center Street, Costa Mesa, CA 92627. The remaining allegations are denied.

5. The allegations contained in paragraph 5 of Plaintiff's Complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 5 of Plaintiff's Complaint are denied.

6. Chan denies as stated the allegations contained in Paragraph 6 of the Plaintiff's Complaint. By way of further answer, Chan states that Steven A. Chan LLC has been formally dissolved, and is no longer a legal entity.

7. Chan denies this court has personal jurisdiction over Chan. Those allegations that are legal conclusions do not require a response. All remaining allegations contained in Paragraph 7 of Plaintiff's Complaint are denied.

8. The allegations in Paragraph 8 of Plaintiff's Complaint are legal conclusions to which no response is required.

9. Chan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Chan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Chan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Chan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Chan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Chan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Chan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Chan denies as stated the allegations contained in Paragraph 16 of the Plaintiff's Complaint. By way of further answer, Chan states that in the 2002-2007, Chan ordered that approximate amount of 12 inch by 18 inch American flags, over hundreds of Purchase Orders, 95% of which were shipped 'blind-drop' from Plaintiff's Georgia shipping room to Chan's Customers.

17. Chan denies as stated the allegations contained in Paragraph 17 of the Plaintiff's Complaint. By way of further answer, Chan states Chan ceased purchasing American flags from Plaintiff under the threat of this lawsuit in the summer of 2009.

18. Chan denies as stated the allegations contained in the first sentence of Paragraph 18 of the Plaintiff's Complaint. Chan denies as stated the second sentence of Paragraph 18 of the Plaintiff's Complaint.

19. Chan denies as stated the allegations contained in the first sentence of Paragraph 19 of the Plaintiff's Complaint. All remaining allegations in Paragraph 19 of Plaintiff's Complaint are denied.

20. Chan denies as stated the allegations in Paragraph 20 of Plaintiff's Complaint. By way of further answer, Chan manufactures American flags. American flags SIZES are standardized across the American flag manufacturing

ANSWER TO COMPLAINT and AFFIRMATIVE DEFENSES

industry as well as the consuming markets, and Chan manufactures according to industry practice with regard to sizes, customary to the American flag buying market. By way of further answer, Chan states all 'modern' American flags are visually similar as it is the 'current' codified National flag of the United States of America. (In other words, these are the 50-star versions of the United States flag.) Chan denies the allegation in the last sentence of Paragraph 20 of the Plaintiff's Complaint.

21. Chan denies as stated the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22. Chan denies as stated the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Chan denies as stated the allegations in Paragraph 23 of Plaintiff's Complaint. To answer further, any Georgia orders placed by Chan's Customers were fulfilled by Plaintiff blind-drop shipping direct from Plaintiff's Georgia shipping room.

24. Chan admits, as a US flag manufacturer (manufacturing that specific flag that is known as 'the flag' of the United States), he is a direct manufacturing competitor of Plaintiff since 2002, and within the subject matter of this suit – those allegations of bad conduct in relation to the sales of those American flags, Chan markets to specific industries in competition with Plaintiff.

25. Chan denies the allegations in Paragraph 25 of the Plaintiff's Complaint. By way of further answer, Chan does not control the search engine result pages of any major search engine, for Chan's web sites or any other web sites. Google, Yahoo, and Bing! Control those search engine result pages, and other search engines rely on these results; and further Chan does not control any 'search engine's' 'result pages' except those search engines under his control.

ANSWER TO COMPLAINT and AFFIRMATIVE DEFENSES

26. Chan is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint. By way of further answer, the allegations in Paragraph 26 of Plaintiff's Complaint are legal conclusions to which no response is required.

## COUNT 1

27. Chan incorporates by reference his responses to Paragraphs 1 through 26 of their Answer and Defenses as if set forth fully herein.

28. The allegations contained in paragraph 28 of Plaintiff's Complaint are legal conclusions to which no response is required. By way of further answer, upon information and belief, this allegation is false.

29. The allegations contained in paragraph 29 of Plaintiff's Complaint are legal conclusions to which no response is required. By way of further answer, upon information and belief, this allegation is false.

30. Chan denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Chan denies the allegations in Paragraph 30 of Plaintiff's Complaint.

32. Chan admits he was the Managing Member of the now dissolved Company, and was the altar ego of the company. Notwithstanding, Chan further denies the allegations as stated.

33. The allegations contained in paragraph 28 of Plaintiff's Complaint are legal conclusions to which no response is required.

34. Chan denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Chan denies the allegations in Paragraph 35 of Plaintiff's Complaint.

## COUNT 2

36. Chan incorporates by reference his responses to Paragraphs 1 through 35 of their Answer and Defenses as if set forth fully herein.

37. Chan denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38. Chan denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39. Chan denies the allegations in Paragraph 39 of Plaintiff's Complaint.

**COUNT 3**

40. Chan incorporates by reference his responses to Paragraphs 1 through 39 of their Answer and Defenses as if set forth fully herein.

41. Chan denies the allegation as stated in Paragraph 41 of Plaintiff's Complaint.

42. The allegations contained in paragraph 5 of Plaintiff's Complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 5 of Plaintiff's Complaint are denied.

43. Chan denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44. Chan denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45. Chan denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46. Chan denies the allegation as stated in Paragraph 46 of Plaintiff's Complaint.

47. Chan denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48. The allegations contained in paragraph 5 of Plaintiff's Complaint are legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 5 of Plaintiff's Complaint are denied.

49. Chan denies the allegations in Paragraph 49 of Plaintiff's Complaint.

All allegations not specifically admitted herein are denied.

### First Affirmative Defense

---

ANSWER TO COMPLAINT and AFFIRMATIVE DEFENSES

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's Claims are barred in whole, because of genericness of the claimed trademark.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the Plaintiff's abandonment of the mark.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the Statute of Limitations.

### Eighth Affirmative Defense

There is no causal link between Chan's alleged actions and any damages allegedly sustained by Plaintiff

### Ninth Affirmative Defense

Chan has not acted in a manner which encompasses malicious, fraudulent, dilatorial, or willful behavior.

### Tenth Affirmative Defense

Plaintiffs claims are barred, in whole or in part, by the doctrine of fair use.

---

ANSWER TO COMPLAINT and AFFIRMATIVE DEFENSES

We beg the court's indulgence in our express reservation of further defenses allowed in applicable laws, as yet unknown to Chan that may be asserted in this matter.

We beg the court's indulgence in our express reservation of any COUNTERCLAIM to be filed to the extent allowed in applicable laws, as yet unfiled to Chan that may be asserted in this matter.

**WHEREFORE,** Defendant requests that this Court dismiss the Complaint in its entirety; that the Court award to Chan his costs and reasonable attorney's fees incurred where such attorneys were hired to provide counsel for the Defendant filing pro se, while defending himself against Plaintiff's claims' and for such further relief as the Court deems just and proper; and Defendant requests that this case be tried before a jury.

Respectfully submitted, this 23rd day of November, 2009.



Steven Chan
720 Center Street
Costa Mesa, CA 92627

---

ANSWER TO COMPLAINT and AFFIRMATIVE DEFENSES

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE FLAG COMPANY, INC. a Georgia Corporation,<br>    Plaintiff,<br><br>vs.<br><br>STEVEN A CHAN, LLC (d/b/a FIVE STAR FLAGS and/or VIA5), a California Limited Liability Company, And STEVEN A. CHAN, a California resident<br>    Defendant | CIVIL ACTION FILE NO.<br><br>1:09-CV-1880 |

## CERTIFICATE OF SERVICE

This is to certify that I have this day manually filed by placing into a package, sent by Federal Express Next Day Air tracking number 791248345762, the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of Court. The Clerk of Court will use the CM/ECF system to automatically send e-mail notification of such filing to the following attorneys of record:

J. Tucker Barr
Arnold Golden Gregory LLP
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363-1031
Tel: (404) 873-8500
Fax: (404) 873-8501
Email: Tucker.barr@agg.com

Further, a copy has been placed in the US Mail, and sent to:

J. Tucker Barr
Arnold Golden Gregory LLP
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363-1031
Tel: (404) 873-8500
Fax: (404) 873-8501
Email: Tucker.barr@agg.com

Dated, the 25th day of November, 2009

Steven A. Chan

Appearing *pro se*

2viavr@gmail.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Civil Local Rule 7.1D, this is to certify that the foregoing Answer and Affirmative defenses complies with the font and point selections approved by the Court in Civil Local Rule 5.1C. The foregoing Answer and Affirmative Defenses were prepared on computer using New Times Roman font (14 point).

DATED this 25th day of November, 2009

Steven Chan

Appearing *pro se*

2viavr@gmail.com