# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

THE FLAG COMPANY, INC., a
Georgia Corporation

    Plaintiff

v.

STEVEN A. CHAN, LLC (d/b/a FIVE
STAR FLAGS and/or VIA5), a
California Limited Liability Company,
and STEVEN A. CHAN, a California
resident,

    Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION FILE NO.
1:09-cv-01880-CAP

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 31 2009

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

## REPLY TO PLAINTIFF'S MOTION TO STRIKE AND ALTERNATIVE RESPONSE TO MOTION TO DISMISS DEFENDANT STEVEN A. CHAN, LLC.

**Honorable Judge Pannell:**

**With this reply, we** Motion the Court to Dismiss the Plaintiff's Motion to Strike. Plaintiff alleged alter-ego liability throughout their Complaint. The LLC no longer exists, and I am it, forced into what they alleged.

The LLC was wound down because it could not afford to defend itself. Not being able to afford a defense means no day, no justice in court. Without an attorney, how does the LLC that cannot afford an attorney, have justice in the court?

-- Page 1 of 2 --

Plaintiff alleges Chan is trying to represent the LLC, which is incorrect. Chan is trying to represent himself.

Plaintiff alleges that Chan is the alter-ego and individually liable for the alleged infringement. The LLC is now wound down. Chan is now the successor.

The LLC was in a position where it could not defend itself, Chan had no choice to achieve justice in the Court, except to wind the LLC down.

Please incorporate the Declaration and Exhibits WD-1 through WD-3, attached.

Our winding – down activities can be tracked in these Exhibits.

Respectfully Submitted this 31st Day of December, 2009

Steven A Chan

720 Center Street

Costa Mesa, CA 92627

949-650-6698

2viavr@gmail.com

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| THE FLAG COMPANY, INC., a Georgia Corporation §§§§§ | |
| .        Plaintiff §§ | |
| v. §§ | CIVIL ACTION FILE NO. 1:09-cv-01880-CAP |
| STEVEN A. CHAN, LLC (d/b/a FIVE STAR FLAGS and/or VIA5), a California Limited Liability Company, and STEVEN A. CHAN, a California resident, §§§§§§ | |
| .        Defendants. §§ | |

### Declaration of Steven A. Chan

1.      My name is Steven A Chan

2.      I am over the age of eighteen and am competent to give the testimony

herein.

3.      I was the Managing Partner of Steven A. Chan, LLC. (The "LLC")

4.      The LLC was formed in 1999, and entered the flag business in 2002,

specifically targeting the real estate industry.

5.      The LLC was engaged in lines of businesses that includes

manufacturing and sale of flags and flag products.

--1 of 5--

2

6.        I am privy to, and controlled the LLC activities, including accounting.

7.        When Plaintiff's threatened suit, the LLC expended funds with Knobbe Martens Olsen and Bear. The initial replies were less than $5000, but the quoted cost for retaining them in the matter was $150,000 to $500,000.

8.        When suit was filed, The LLC expended funds with Glenn Lyon, to admit yet another attorney, Joseph Ribakoff.

9.        That attorney was ordered inactive by the California Bar, on the first response due date.

10.       The LLC did not have the $15,000 and up retainer fee demanded by attorneys, with trademark expertise, to take on the defense.

11.       Thus the LLC could not afford the defense required to respond to Plaintiff's claim.

12.       As the managing parter, I met with the passive partner, my spouse Lanyi Chang. We concluded that the only way to access justice in the court was to admit the alter-ego liability allegation made by Plaintiff, wind the company down immediately, and represent pro se Chan in this Courthouse.

13.       Other attorneys we spoke with that mentioned the ballpark fund requirements ($15,000 and up) include Ash Patel, and David M. Lilenfeld, both IP attorneys in Atlanta, Georgia.

14.     Chan proceeded winding down the company, with focus on the Secretary of State first, taxing authorities second.

15.     On November 23, 2009, I filed form LLC4/7, with the Secretary of State, State of California, and placed it in the mailbox with a green signature return card. The card was returned the next week.

16.     Subsequently, we received the FILESTAMPED COPY attached, with a datestamp November 30, 2009. See Exhibit labeled WD-1

17.     We informed major vendors' Valley Forge Flag of Pennsylvania, and CF Flag of Alabama, of the change of our entity status within one week of the mailing of Form 4/7.

18.     My company was dissolved because it could not afford access to the court. Any inference or claim to the contrary will not survive even a cursory inspection.

19.     Winding down a company is not something done in a day, for all the steps that need to be taken, especially to convert to a sole proprietor.

20.     The LLC is a US Government contractor, under CAGE Code 31DE3.

21.     Until fully converted over, I have not had the ability to properly address this business.

22.     On December 1, 2009, I contacted Dunn and Bradstreet, and initiated a new DUNS number, a pre-requisite for any government procurement.

4

23.      On December 8, 2009, we received our applied for new EIN number 27-1442069

24.      I am continuing the myriad steps required in winding down a business entity of 10 years age.

24.5.    I closed the 'Seller's Permit' for the LLC by December 1, 2009. I opened a new account with the California State Board of Equalization, and they set the tax period start date for the new sole proprietor seller's permit to be the 1st day of the 4th quarter 2009, namely October 1, 2009. See Exhibit labeled WD-2.

25.      For all taxation purposes, all state and federal government requirements have been achieved for a halt of tax reporting to the wound down entity, including income and sales taxes.

25.5     On December 9, 2009, we received our conformed copy of the fictitious business name statement, whereby those dba's were changed in the Official Records, Orange County, California, and file stamped as such. See Exhibit labeled WD-3.

26.      Plaintiff's alleged alter-ego liability in their suit, and named both myself personally, and the company.

27.      It is a notorious fact we are in the worst recession since the Great Depression.

5

28.       Plaintiff and I both service a marketplace of realtors and agents, that are economically hard hit.

29.       Business is down in all sectors of the LLC's line of business.

30.       That a Defendant cannot afford an attorney should not come as a surprise to this court or any other in this land.

31.       I deny any subterfuge inferred by Plaintiffs, or counsel, in the election to wind down the company.


          I declare under penalty of perjury, that the forgoing is true and correct to the best of my personal knowledge and belief.

      I declare, under penalty of perjury, that the foregoing is true and correct to the best of my personal knowledge and belief.

      Executed this 30th of December 2009


Steven A Chan
720 Center Street
Costa Mesa, CA 92627
949-650-6698
2viavr@gmail.com

LLC-4/7

*EXHIBIT WD-1*



# State of California
# Secretary of State

**FILED**
In the office of the Secretary of State
of the State of California

NOV 3 0 2009

## LIMITED LIABILITY COMPANY
## CERTIFICATE OF CANCELLATION

There is no fee for filing a Certificate of Cancellation.

IMPORTANT – Read instructions before completing this form.

This Space For Filing Use Only

| FILE NUMBER | ENTITY NAME (Enter the exact name of the limited liability company.) |
|---|---|
| 1. Secretary of State File Number<br><br>199908410019 | 2. Name of Limited Liability Company<br><br>Steven A Chan LLC |

**TAX LIABILITY** (The following statement should not be altered.)

3. A final franchise tax return, as described by Section 23332 of the Revenue and Taxation Code, or a final annual tax return, as described by Section 17947 of the Revenue and Taxation Code, has been or will be filed with the Franchise Tax Board, as required under Part 10.2 (commencing with Section 18401) of Division 2 of the Revenue and Taxation Code.

**DISSOLUTION** (Domestic limited liability companies ONLY: Check the "YES" or "NO" box, as applicable. Note: If the "NO" box is checked, a Certificate of Dissolution (Form LLC-3) pursuant to Corporations Code section 17356(a) must be filed prior to or together with this Certificate of Cancellation.)

4. The dissolution was made by a vote of all of the members.   ☑ YES   ☐ NO

**ADDITIONAL INFORMATION** (Enter any other information the managers or members filing the Certificate of Cancellation determine to include. Attach additional pages, if necessary. Additional information set forth on attached pages, if any, is incorporated herein by this reference and made part of this certificate. If no other information is to be included, leave Item 5 blank and proceed to Item 6.)

5.

**EXECUTION**

6. I declare I am the person who executed this instrument, which execution is my act and deed.

_____    11/23/2009    *Managing Partner*
Signature of Authorized Person          Date          Type or Print Name and Title of Authorized Person
                                                       STEVEN A CHAN

_____    _____    _____
Signature of Authorized Person          Date          Type or Print Name and Title of Authorized Person

**RETURN TO** (Enter the name and the address of the person or firm to whom a copy of the filed document should be returned.)

| | |
|---|---|
| NAME | Steven A Chan |
| FIRM | |
| ADDRESS | 720 Center St., Building A |
| CITY/STATE/ZIP | Costa Mesa, Ca. 92627 |

LLC-4/7 (REV 06/2008)

APPROVED BY SECRETARY OF STATE

Exhibit WD-2

CALIFORNIA STATE BOARD [illegible]

SELLER'S PERMIT

ACCOUNT NUMBER
10/1/2008 SR [illegible]

[illegible]

[illegible] may be required to obtain their permits [illegible] display your [illegible]. This permit does not allow you to do [illegible].

Not valid at any other address

[illegible]

A MESSAGE TO OUR [illegible]

As a seller, you have rights and responsibilities [illegible]

- [illegible]
- Visiting [illegible]
- [illegible]
- Sending your questions [illegible]
- Calling our toll-free [illegible]

As a seller, you have the right [illegible] intend to resell. Conversely, you have the responsibility of [illegible] imposed upon the retailer.

- You have the right to [illegible]
- You are responsible for filing [illegible]
- You have the right to be treated [illegible] timely.
- You are responsible for following the [illegible] of the Board

As a seller, you are expected to maintain [illegible] books and records for no less [illegible] inspection [illegible] when requested. You are also expected to [illegible] adding or dropping a partner, officer [illegible] surrender this permit [illegible] becomes [illegible]

If you would like to know more about [illegible] representative. Contact our Taxpayers' Rights Advocate [illegible] unable to resolve an issue with the Board [illegible] 888-324-2798 or 916-324-2798 [illegible]

[illegible] permit at the address [illegible] visible to your customers.

[illegible] OF EQUALIZATION
[illegible] Department

EXHIBIT WD 3

**TOM DALY**
**CLERK-RECORDER**
**12 CIVIC CENTER PLAZA, ROOM 106**
**POST OFFICE BOX 238**

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder
2009214128        51.00
12/09/2009 10:04:00
7 95 F01
23.00 28.00 0.00 0.00 0.00 0.00 0.00 0.00

## FICTITIOUS BUSINESS NAME STATEMENT

E FOLLOWING PERSON(S) IS (ARE) DOING BUSINESS AS:

| Fictitious Business Name(s) VIA 8 | | (optional) Business Phone No. |
|---|---|---|
| ☐ New Statement | ☐ Refile - list previous No. | ☒ Change |

2. Street Address, City & State of Principal place of Business
(Do not use P.O. box or P.M.B.)
720 CENTER ST. BUILDING B  COSTA MESA, CA 92627  ORANGE

| | City | State | Zip Code | County |

3. Full name of Registered Owner (If Corporation, enter corporation name)
Steven A Chen

If Corporation / LLC State of Incorporation or organization

Res. / Corp. Address (Do NOT use a P.O. Box or P.M.B)          City                State  Zip Code
720 CENTER ST., BUILDING B                          COSTA MESA          CA      92627

4. (CHECK ONE ONLY) This business is conducted by:
☐ a trust    ☐ a state or local registered domestic partnership
☒ an individual    ☐ a general partnership    ☐ a limited partnership    ☐ an unincorporated association other than a partnership
☐ a corporation    ☐ a Limited Liability Partnership    ☐ co-partners    ☐ a husband and wife    ☐ a joint venture    ☐ Limited Liability Co.

5. Have you started doing business yet?
☒ Yes Insert Date:  12/09/2009
☐ No

Notice: This Fictitious Business Name Statement expires five years from the date it was filed in the Office of the County Clerk-Recorder. The statement expires 40 days after any change in the facts is made other than a change in the residence address of the registered owner. A new Fictitious Business Name Statement must be filed before other expiration. When ceasing to transact business under an active Fictitious Business Name Statement, Abandonment shall be filed. The filing of this statement does not of itself authorize the use in this state of a Fictitious Business Name in violation of the rights of another under federal, state or common law (see section 14411 et seq., Business and Professions Code).

6. If the registered owner is NOT a corporation, sign below:
(See instructions on the reverse side of this form)

Signature: _[signature]_

steve chen

(Type or Print Name)

I declare that all information in this statement is true and correct.
(A Registered owner who declares as true information which he or she knows to be false is guilty of a crime.)

If the registered owner is:
a corporation, an officer of the corporation signs below.
any type of partnership, the general partner signs below.
a limited liability company, a manager or an officer signs below.

Limited Liability Company/Corporation/Partnership Name

Signature and Title of Officer/Manager or General Partner

I declare that all information in this statement is true and correct.
(A Registered owner who declares as true information which he or she knows to be false is guilty of a crime.)

Signature and Title of Officer/Manager or General Partner

These fees apply at time of filing:
Filing fee $23.00 for one business name.
$7.00 for each additional business name
. $7.00 for each additional partner after first two

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THE FLAG COMPANY , INC. a<br>Georgia Corporation,<br>          Plaintiff,<br><br>vs.<br><br>STEVEN A CHAN, LLC (d/b/a FIVE<br>STAR FLAGS and/or VIA5), a<br>California Limited Liability Company,<br>And STEVEN A. CHAN, a California<br>resident<br>          Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE NO.<br><br>1:09-CV-1880 |

## CERTIFICATE OF SERVICE

This is to certify that I have this day manually filed, by placing into a package, the foregoing **REPLY TO PLAINTIFF'S MOTION TO STRIKE AND ALTERNATIVE RESPONSE TO MOTION TO DISMISS DEFENDANCT STEVEN A. CHAN, LLC.** with the Clerk of Court. The Clerk of Court will use the CM/ECF system to automatically send e-mail notification of such filing to the following attorneys of record:

J. Tucker Barr
Arnold Golden Gregory LLP
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363-1031
Tel: (404) 873-8500
Fax: (404) 873-8501
Email: Tucker.barr@agg.com

--Page 1 of 3--

Further, a copy has been placed in the US Mail, and sent to:

J. Tucker Barr
Arnold Golden Gregory LLP
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363-1031
Tel: (404) 873-8500
Fax: (404) 873-8501
Email: Tucker.barr@agg.com

Dated, the 30th day of December, 2009

Steven A Chan

720 Center Street

Costa Mesa, CA 92627

949-650-6698

2viavr@gmail.com

--Page 2 of 3--

## CERTIFICATE OF COMPLIANCE

Pursuant to Civil Local Rule 7.1D, this is to certify that the Reply to Plaintiff's Motion to Strike and Alternative Response to Motion to Dismiss Defendant Steven A. Chan, LLC. complies with the font and point selections approved by the Court in Civil Local Rule 5.1C. The foregoing Reply was prepared on computer using New Times Roman font (14 point).

DATED this 30th day of December, 2009

Steven A Chan

720 Center Street

Costa Mesa, CA 92627

949-650-6698

2viavr@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THE FLAG COMPANY, INC., a Georgia Corporation | § § § | |
| Plaintiff | § § | |
| v. | § § | |
| STEVEN A. CHAN, LLC (d/b/a FIVE STAR FLAGS and/or VIA5), a California Limited Liability Company, and STEVEN A. CHAN, a California resident, | § § § § § | CIVIL ACTION FILE NO. 1:09-cv-01880-CAP |
| Defendants. | § § § | |

## REQUEST FOR JUDICIAL NOTICE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Specially appearing Defendant STEVEN A. CHAN ("Chan"), and submits this Request to the Honored Court to Take Judicial Notice of these items:

1. Dictionary definition: "Farming- A real estate agency cultivating a particular residential area for possible representation of clients who wish to sell their property." Allen, Robert D., and Thomas E. Wolfe. 1993. *The Allen and Wolfe Illustrated Dictionary of Real Estate.* (Exhibit JD-1)

2. "Invoice" for Mr. Duane Miller, bill of sale for 1500 'farming flags'. From the publically available US Public Trademark Office Server, Plaintiff's trademark application and action jacket. (Exhibit JD-2)

1 of 2

3. "Invoice" for Ms. Robin Muzeka, bill of sale for 2000 'farming flags'. From the publically available US Public Trademark Office Server, Plaintiff's trademark application and action jacket. (Exhibit JD-3)

4. "US Farming Flags" advertisement. The Flag Company. March 1993. From the publically available US Public Trademark Office Server, Plaintiff's trademark application and action jacket. (Exhibit JD-4)

5. "Farming Flags" advertisement. The Flag Company. May 2000. From the publically available US Public Trademark Office Server, Plaintiff's trademark application and action jacket (Exhibit JD-5)

6. "Realtor News—Classified, Invoice No. 362958". The Flag Company. May 12, 1992. From the publically available US Public Trademark Office Server. Plaintiff's trademark application and action jacket (Exhibit JD-6)

7. "US Farming Flags" advertisement. The Flag Company. June 2007. California Real Estate Trade Journal, Classifieds Section, showing typical Plaintiff advertising using mark at issue as generic name. (Exhibit JD-7)

Respectfully submitted for consideration this 31st day of December, 2009.

Steven A Chan

720 Center Street

Costa Mesa, CA 92627

949-650-6698; 2viavr@gmail.com

family. It is derived by deducting an interest charge for the use of farm capital from net family farm income.

**farm family net income.** The compensation, including the value of family living from the farm, for farm capital, labor, the operator's management, and the land labor of unpaid members of the operator's family. It is derived by deducting farm expenses, exclusive of the value of unpaid family labor, from gross farm income.

**farm income.** The sum of the annual receipts from sales, miscellaneous farm receipts, increase in farm inventory, and the value of living from the farm furnished to the operator, his family, and hired laborers.

**farm land.** Land devoted to agricultural production; usually used to refer to the land comprising a farm. Such land includes both tillable and untillable areas as well as any woodlots.

**farm net income.** The compensation, including the value of family living from the farm, for farm capital and for the operator's labor and management. It is derived by deducting farm expenses from gross farm income.

**farm pond.** A man-made earthen storage reservoir for a farm's water supply. Usually used for watering livestock, but may be used for household plumbing if the pond is in a suitable location. The pond is made by constructing a small dam across a natural drainageway.

**farm-to-market-road.** A road outside the primary state highway system which connects with towns or primary highways.

**Farmers Home Administration (FmHA).** A government agency within the U.S. Department of Agriculture that operates under the Consolidated Farm and Rural Development Act of 1921 and Title V of the Housing Act of 1949. This agency provides financing to farmers and other qualified borrowers who are unable to obtain loans elsewhere. The agency makes loans with funds borrowed from the U.S. Treasury.

**farming.** A real estate agency cultivates a particular residential area for possible representation of clients who wish to sell their property.

**farmstead.** The site and location of the farm buildings; the focal point of the farm operations.

**fascia.** A flat, horizontal member of a cornice placed in a vertical position.

**feasibility study.** A study or analysis that determines whether a proposed or existing real estate project successfully meets desired objectives.

**featherbedding rules.** Those rules preserving outmoded and inefficient work methods.

**Federal Civil Rights Act of 1968 (Public Law 90–284).** Title VIII of this act provides for "Fair Housing" . . . April 11, 1968.

**Federal Consumer Credit Protection Act (Truth-In-Lending).** The Truth-in-Lending Act (Regulation Z) is a key portion of the Federal Consumer Credit Protection Act, which became effective July 1, 1969. Its principal purpose is to tell the customer how much is being charged for credit and to show the relative cost of credit expressed in terms of the annual percentage rate (APR) and, in most cases, the total dollar amount of the finance charge. With this information, consumers can make credit cost comparisons among various credit sources, so as to avoid uniformed use of credit. Both creditors and, in certain situations, those who merely arrange the extension of credit have a legal duty to make the disclosure required by the act.

**Federal Department of Housing and Urban Development Act of 1965 (Public Law 89–174).** Established a Department of Housing and Urban Development . . . Sept. 9, 1965.

**Federal Deposit Insurance Corporation (FDIC).** Agency of the federal government which insures deposits of commercial banks and savings banks.

**Federal Emergency Home Purchase Assistance Act of 1974 (Public Law 93–449).** Legislated the Government National Mortgage Association conventional Tandem authority to increase on an emergency basis the availability of reasonably priced mortgage credit . . . Oct. 13, 1974.

**Federal Emergency Housing Act of 1975 (Public Law 94–50).** Includes the Emergency Homeowners' Relief Act; authorizes temporary assistance to the unemployed or underemployed for the purpose of defraying mortgage payments . . . July 2, 1975.

**federal land banks.** Strictly speaking, the land banks are a competitor to thrifts. However, despite their vast network of offices and financial resources, the land banks' regulations limit their participation in housing loans to 15 percent of their total investments. Also, their money is limited to farmers and ranchers.

**Federal Home Loan Bank Board (FHLBB).** A regulatory and supervisory agency for federally chartered savings institutions. It oversees the operations of the Federal Savings and Loan Insurance Corporation and the Federal Home Loan Mortgage Corporation.

(404) 428-7180          800 762-0956      FAX (404) 428-6975

Invoice

===========================
The Flag Company, Inc.
4290 Bells Ferry Road
Suite 106643
Kennesaw, Georgia    30144

Mr. Duane Miller
Coldwell Banker Good Neighbor Realty
13 West Main Street
Cobleskill, New York   12043                      Inv. # 0906224

SHIPPED TO:    same

_Mary Miller / Delores Shaw_

| CUSTOMER ORDER | SALESMAN | TERMS | DATE |
|---|---|---|---|
| 518  415-234-4343 | Teresa | MC | 5/24/91 |
| MC #5215-3128-1425-5849 exp. 2/93 | | | |

(1500) farming flags                          * 405.00

FOURTH OF JULY

| | | |
|---|---|---|
| SUB-TOTAL | | $ 405.00 |
| TAX | | $   N/A |
| S & H | | $  37.50 |
| TOTAL | | $ 442.50 |

PAID
JUN 14 1991

PLEASE CALL WHEN I CAN BE OF ASSISTANCE.
PLEASE USE INVOICE NUMBER WITH PAYMENT.

THANK YOU

Teresa Headrick

SHIPPED JUN 14 1991

1 fx — 1300
1 fx — 800

(404) 428-7190          800 962-0756       FAX (404) 428-6975

## Invoice

The Flag Company, Inc.
4290 Bells Ferry Road
Suite 106643
Kennesaw, Georgia  30144

Ms. Robin Muzeka
ERA Daniel & Wohlwender Realty, Inc.
549 Lake Mary Boulevard
Lake Mary, Florida  32746                   Inv. # 0906180

SHIPPED TO:     same

| CUSTOMER ORDER | SALESMAN | TERMS | DATE |
|----------------|----------|-------|------|
| 407-321-9444   | Mike     | prepay | 3/17/91 |

(2000) farming flags                          $ 540.00

FOURTH OF JULY

SUB-TOTAL                    $ 540.00

TAX                          $    N/A

S & H                        $   50.00

PAID
MAY 21 1991
#3986

TOTAL                        $ 590.00

PLEASE CALL WHEN I CAN BE OF ASSISTANCE.
PLEASE USE INVOICE NUMBER WITH PAYMENT.

THANK YOU

Mike Lawrence

SHIPPED JUN 1 4 1991

Exhibit
SD-3

**THE FLAG COMPANY, INC.**
**3094 LORING ROAD KENNESAW, GEORGIA 30144**
**(404) 974-0507   7(b0) 962-0956  FAX (404) 974-0799**

*Exhibit.*
*SD-4*

# US FARMING FLAGS



## 19 CENTS

### EXPIRES  3/15/93

# OTHER GREAT SHOW SPECIALS

| | | |
|---|---|---|
| RE/MAX   FIELD FLAGS | ONE OR TWO PIECE | $ 10.00 |
| RE/MAX   FIELD FLAGS | ONE OR TWO PIECE | $  8.00 |
| RE/MAX   FLAGS  3' X 5' | 2 types | $ 20.00 |
| RE/MAX   CARAVAN FLAGS | | $  9.00 |

**ORDER NOW !!!**
**THIS  SPECIAL  OFFER EXPIRES  3/15/93.**

SEE OUR AD IN  RE/MAX   NEW APPROVED SUPPLIER SOURCEBOOK.

**COMPUTERS/SOFTWARE**
PROPERTY MANAGEMENT

**PropertyPro Windows Edition**
The best software system to track farm and vacation rentals. Complete Front Office reservations and Back Office accounting features. Real Estate Commission approved!
Call (800) 388-8732 for info & demo.

**Easy to Use Property Management Software**
TENANT PRO 5.0
Full GL, AR, AP, check writing, word processing, prints leases, work orders & budgeting. Instantly tracks vital information on tenants, owners, units, vendors & properties.
Also Offers!
- Instant credit checks
- Instant court (date) search
- All local criminal checks
CALL FOR FREE CD TRIAL VERSION
(800) 944-2792

Circle #161 on Reader Service

**EDUCATION**

**BECOME A HOME INSPECTOR.**
App'd. Home Study. Free Career Literature. P.C.D.I., Atlanta, GA
800-362-7070 Dept. PPT152

**GET PAID BEFORE CLOSING!**
Commission Advance Company
Toll Free 888-884-3274
www.CommissionAdvance.com

**ALOHA** obtain Hawaii License
800-547-7425 Seller School R/E
www.riskseller.com

**1031 EXCHANGES**
Realty Exchangers
FREE 1031 PRESSURE MANUAL
1031
1-800-570-1031

Circle #163 on Reader Service

**Be A Real Estate Auctioneer**
Auction School of Real Estate
Mankato, MN 800-952-7206
www.auctioneerschool.com

**FARMING TOOLS**

**REALTOR® NOTEPADS**
FULL COLOR
20¢ each* + set up
FREE SHIPPING
Captain Notepads 888-288-7227
*when 2 agents order 1,000 each

**FULL COLOR VINYL MAGNETS**
House, Bus. Card, Calendar, etc.
stamp works 800-782-2243

**Color Photo Business Cards**
1,000 – As low as $59.95
Eastern Hills Printing 800-...

**FARMING TOOLS, CONTINUED**

– FARMING AIDS –
Door Bags ... Plus-Plus!
www.realestatefarmaids.com

**LOG ON FOR MORE REFERRALS**
Cute Greeting Cards Get Results!
http://www.RealEstateCards.com

**AARDVARK LABELS**
THE ORIGINAL COLOR PHOTO BUSINESS CARD LABELS
1-800-553-2856
CALL FOR FREE BROCHURE

**FARMING FLAGS**
Made in U.S.A.
As low as 10¢
The Flag Company, Inc.
For more info – visit www...
800-962-0956

Circle #155 on Reader Service

Exhibit
JD-5



**FARMING TOOLS**

# YOUR IMAGE IS EVERYTHING...

**1,000 Business Cards**
As low as
$59.95

Stand out from the rest by choosing one of our vibrant studio or scenic backgrounds.

**Full Color Notepads**
Only 25¢
When 2 agents each order 1,000 notepads at the same time.
Choose from more than 30 styles.

Your Business Cards Can Be Ready To Ship In
**1 WEEK**
Rush Charges Apply - Call for Details
**1-800-655-4858**

**FREE** Shipping on all items
(48 continental states)

Call today to ORDER or to receive a FREE CATALOG

Circle #158 on Reader Service

MAY 2000   83



**REALTOR NEWS® – Classified**
NATIONAL ASSOCIATION OF REALTORS
P.O. BOX 12063
Chicago IL 60678-2063

| Customer # 101513 | 05/12/92 | 832-350 |

## INVOICE NO. 362948
Please refer to this number on all correspondence.

VICKI LAWRENCE                        Thank you for advertising with us!

THE FLAG COMPANY, INC.
3094 Loring Road
Kennesaw, G.                    30144

Description of Charges

Classified advertising in the 05/11/92 issue of REALTOR NEWS.

                    Identifying Headline:   FARMING FLAGS
                                Size:    1.00 inches
                                Rate: $ 510.00
                    Gross Ad Cost:   510.00

                    Adjustments:    0.00
                    Discount:    0.00
                    Net Ad Cost:   510.00

                    Prepayment:    510.00 check rec'd

                    Amount Due: $0.00

To receive a full copy of the 05/11/92 issue, call us at 312-329-8661.

Please return yellow copy with remittance.
Terms:  Net amount due 30 days from date of invoice.

Exhibit
SD-6

# CLASSIFIEDS

## BUSINESS/CAREER OPPORTUNITIES / LOANS





*new market.*

*Be connected in a new way*

**Leverage the power of**

**Z REALTY.**

An Equal Opportunity Employer.

---

## FARMING TOOLS

**U.S. Farming Flags**
12" x 18" on 30" Staffs
"Made in U.S.A."
www.flagco.com/800-962-0956

---

## FINANCIAL

**Newcastle LENDING**

**Did you get paid?**

We do all the following loans

Call Wayne

Cell: (626) 620-2630
Bus: (626) 944-2000 Ext. 268
Fax: (626) 859-2662

---

## IN-HOUSE MORTGAGE

**Realty Direct Mortgage Services**

• Obtain on-line approvals in minutes
• Keep complete control
• Offer one-stop service to your buyers
• Gain access to wholesale rates

**SIGN UP And Earn the Entire Mortgage Commission**

**Go Loan**
Mortgage Banking

GoLoan.com (800) 222-0000

---

## LEAD GENERATION

# Here's How to Get
# Expireds
## to Call *You*
## the Day Their
## Listing Expires

www.GetExpiredsTo
CallYou.com

---

## LOAN REFERRALS

**CAPITAL DIRECT LENDING**
YOUR HOME LOAN SOURCE
800-226-0000

---

**TO ADVERTISE HERE**

Contact C.A.R.
213-739-8370

Or visit us on the Web:
www.car.org/newsstand/cre/mediakit

---

## LOAN REFERRALS



---

## MARKETING

www.NoColdCallSystem.com

---

You're a REALTOR.
We're a marketing company.
Together, we make a great team.

---

**Realty Impact** **GOT WEBSITE?**

Luxury Real Estate Web Television Design Specials

Contact: **Realty Impact Marketing**

Northern California          Southern California
408-509-2301    760-271-926



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| THE FLAG COMPANY , INC. a<br>Georgia Corporation,<br>     Plaintiff,<br><br>vs.<br><br>STEVEN A CHAN, LLC (d/b/a FIVE<br>STAR FLAGS and/or VIA5), a<br>California Limited Liability Company,<br>And STEVEN A. CHAN, a California<br>resident<br>     Defendant | )<br>)<br>)<br>)  CIVIL ACTION FILE NO.<br>)<br>)  1:09-CV-1880<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day manually filed, by placing into a package, the foregoing **REQUEST FOR JUDICIAL NOTICE** with the Clerk of Court. The Clerk of Court will use the CM/ECF system to automatically send e-mail notification of such filing to the following attorneys of record:

J. Tucker Barr
Arnold Golden Gregory LLP
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363-1031
Tel: (404) 873-8500
Fax: (404) 873-8501
Email: Tucker.barr@agg.com

Further, a copy has been placed in the US Mail, and sent to:

REQUEST FOR JUDICIAL NOTICE -1-

J. Tucker Barr
Arnold Golden Gregory LLP
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363-1031
Tel: (404) 873-8500
Fax: (404) 873-8501
Email: Tucker.barr@agg.com

Dated, the 25th day of November, 2009

Steven A Chan

720 Center Street

Costa Mesa, CA 92627

949-650-6698

2viavr@gmail.com

REQUEST FOR JUDICIAL NOTICE -2-

## CERTIFICATE OF COMPLIANCE

Pursuant to Civil Local Rule 7.1D, this is to certify that the foregoing Request for Judicial Notice complies with the font and point selections approved by the Court in Civil Local Rule 5.1C. The foregoing Notice was prepared on computer using New Times Roman font (14 point).

DATED this 25th day of November, 2009

Steven A Chan

720 Center Street

Costa Mesa, CA 92627

949-650-6698

2viavr@gmail.com

REQUEST FOR JUDICIAL NOTICE -3-

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THE FLAG COMPANY, INC. a )
Georgia Corporation, )
       Plaintiff, )
    v. )
STEVEN A CHAN, LLC (d/b/a FIVE )
STAR FLAGS and/or VIA5), a )
California Limited Liability Company,
and STEVEN A. CHAN, a California     ,
resident,
      Defendant

CIVIL ACTION  NO:
1:09-CV-1880

**<u>Chan's Reply to Docket 27 [Response in Opposition to Motion for Protective Injunction]</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Specially appearing Defendant STEVEN A. CHAN ("Chan"), and files with the Court this "Reply to Plaintiff's Response to Defendant's Motion for Protective Injunction

Defendant's Reply to Plaintiff's
Response to Defendant's
Motion for Protective Injunction

1

    To the Honorable Judge Pannell:

2

3   Defendant Chan seeks a protective injunction reversing Plaintiff's

4   misappropriation of Chan's customer list. The face of the pleadings within this suit

5   as prima facie evidence of Plaintiff's unclean hands and theft of the List.[1]

6   Your Honor, Mr. Chan's request to protect the customer list is merits based. We

7   ask you to judge *the merits of the face of the pleadings* in their aggregate[2]. We pray

8   this leads to your conclusion that Plaintiff's pleadings do not pass a 'smell test.'

9   Further, the seriousness of the charges is matched by the serious flaws in the

10  pleadings that indicate the Plaintiff's unclean hands. The Court is justified to Grant

11  our Motion to protect our customer list, under this Court's inherent power, to act,

12  under the All Writs Act.

13

14  The Contradictory Pleadings

15  a) on the one hand, we have the Opposition[3] of many pages, including a sworn

16  statement.[4] At their end, it is over 8 transactions. Why bother opposing if the list

17  doesn't exist? (but for those 8)[5]. Doesn't quite seem to be worth lawyering over.

18

19

_____

20  [1] FED. R. CIV. P. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred

21  egenerally.")
    [2] Notably, this Motion to Protect the Customer List springs from a plain reading of the Complaint's paragraph 16;

22  Plaintiff's response to this motion is surprising to say the least, over these 8 transactions. Chan concedes if there was
    but one customer responsible for the quantity of plastic flags claimed, that would be a big customer. Even 8

23  customers, each purchasing thirty thousand flags, are big customers, likewise anything between the two spectrums.
    In support of this reply, Chan includes a example invoice in accounting systems for the year 2007, and it further
    those 8 invoices amount to less than 1% of Plaintiff's allegations (see Complaint paragraph 16)

24  [3] See Docket 27, Response in Opposition
    [4] *Id. see* Attachment

25  [5] *Id.* Paragraph 8

26              Page 2 of 12                Defendant's Reply to Plaintiff's
                                            Response to Defendant's
                                            Motion for Protective Injunction

b) and on the other hand — we have a repetitive[6] allegation –*starting in their Complaint*[7] – that from 2002-2007, Chan ordered a large amount of these plastic American flags from Plaintiff; yet Plaintiff's response to this Motion attaches a declaration[8] stating 'there are no records in {Plaintiff's} accounting system relating to orders placed by Defendants,' (but for those 8 orders on the other hand.)

Counter Argument Summary

a) Plaintiff contends we have no underlying claim.[9] But there is a claim inherent in our defense,  plainly stating the mark at issue "farming flags' is a generic term,[10] Though not pled in a [counter]'claim' format, it is averred. Further, our "complaint need not plead law ... or theory...".[11]  and "all pleadings shall be so construed as to do substantial justice." [12]

b) There is no harm to protect the status quo during the pendency of these proceedings. In Plaintiff's view, this list doesn't (hardly) exist;

c)Plaintiff contends Chan's customer list isn't "legally protectable,[13]" and Chan's fears are 'irrational[14].' Both these assertions are above the law.

---

[6]  See Opposition to Motion to Quash - Docket 29 Page 3 first sentence, and the following footnote.
[7]  'Paragraph 16 of the complaint states "defendants purchased more than 230,000 flags from plaintiff
[8]  Docket 27, Attachment:Affidavit / Declararion of Vicki Lawrence paragraph 9
[9]  See Docket 27, Response in Opposition page 5 at II(A)
[10]  See Docket 24, Corrected Answer to Complaint and Affirmative Defenses paragraph 53.
[11]  *See Bennett v. Schmidt*, 153 F.3d at 518 ("Complaints need not plead law or match facts to every element of a legal theory...");
[12]  Fed. R.Civ.P. 8(f)
[13]  See docket 27 Response in Opposition Section B, pg 7
[14]  Id. See Section C, pg 7

Defendant's Reply to Plaintiff's
Response to Defendant's
Motion for Protective Injunction

d) the sum of Plaintiff's face of their pleadings do not pass the smell test, and run counter to the Federal Rules.[15]

## A. Plaintiff contends Chan has not made a Claim

*Chan contends his affirmative defense contains a claim as a matter of logic, and under the force of the Plaintiff's charges.*

Chan's admits his November 22, 2009 filings in response to this suit could be dog-legged with your Honor's requirements, and begs a liberal view of the documents that construct his initial responses to this Federal suit. Chan's intentions with the 4 motions and the answer of that date, were to deliver responsive pleadings. The entirety of the pleading can only be gotten from the entirety of the filings. The Motion to Protect Customer List is one of those filings.[16]

The underlying counterclaim, from a narrowed field of defenses available to Plaintiff's "Incontestability" assertion, is the counter-assertion that farming flags is a generic term[17], and will not survive historic, industry, linguistic, or legal scrutiny.

[15] See *McHenry v. Renne*, 84 F.3d 1172 (9th Cir.1996) at 1179 ("[P]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges."); Foster v. Pfizer, No. 00-1287-JTM, 2000 WL 33170897, at *1 (D. Kan. Dec. 12, 2000) (stating prolixity places an undue burden on the court and defendant). //////HOWEVER IF "[U]pon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f) Chan requests to leave open these pleading contradictions for use in his defenses.
[16] Please see docket 21
[17] 15 U. S. C. § 1064(c), ALSO § 1065(4) ""no incontestable right shall be acquired in a mark which is the generic name for the goods

Defendant's Reply to Plaintiff's
Response to Defendant's
Motion for Protective Injunction

Both words are generic on their own, and 'farming has a dictionary definition[18] specific to the real estate industry.

This affirmative defense contains a claim. Should the term be deemed generic, the law requires you to order Registration 1858628[19] stricken from the Trademark Registry. Hence the underlying claim putting the issue before you, exists.

### B. Maintaining the Status Quo is Appropriate

According to Plaintiff, she knows of only 8 transactions related to Chan, that can produce data from their 'accounting system. She has conducted "a diligent search' to no further avail.[20] There are 'no...other records in [their] possession containing names and addresses of Defendant's customers, and [she ]does not believe any such documents exist."[21] These *sworn* statements by Plaintiff should 'backed up' the Complaint's allegations, not contradict them. Contradiction is a red flag, and it would not be unreasonable to infer other contradictions or out-right misrepresentations to this Court are occurring. Maintaining the status quo in this light is appropriate.

Plaintiff seeks damages; actual and exemplary[22], and lost profits,[23] In the absence of an accounting system where customer records are kept, these cannot be computed. Plaintiff swears financial data only exists for the period that some high

---

[18] See Request for Judicial Notice labeled JD-1: The phrase is constructed from trade jargon 'farm' and 'farming' and a common word 'flag' (for the USA flag) dictionary
[19] Complaint, Exhibit A
[20] See Docket 27, Exhibit Declaration par. 8
[21] Id. Par. 10
[22] Docket 1, Complaint Par 34
[23] Id. Prayer section paragraph 4

Defendant's Reply to Plaintiff's
Response to Defendant's
Motion for Protective Injunction

1   government officials term the worst economic downturn since the Great

2   Depression. The relevant consuming public is realtors, and real estate agents,

3   who's profession suffers at the housing market's cratering.[24] Thus, Plaintiff's

4   accounting records cover only 'bad' years; the lack of accounting system records

5   prejudice findings for whomever wins or loses. (The protective order should be

6   expanded[25] to cover the Plaintiff's accounting system; it's in the best interest of

7   Plaintiff should they prevail.)

8

9   Plaintiff claims she has 8 customer's that can be attributed to Chan. We contend an

10  injunction protecting this minute portion of the consuming public is not a 'real' or

11  significant adverse impact on the public interest, nor Plaintiff. (After all, Plaintiff's

12  sworn statement concedes these are "Defendant's customers,[26]" and there is no

13  "inten[tion] to solicit business from Defendant's customers.[27]") With no harm to

14  herself, opposition to this Motion is [near] moot, thus there is no harm in

15  maintaining the status quo.

16

17

18

19

20

21

22  [24] Chan begs the Court leave for these two sentences; if requested, Chan will furnish Judically Noticeable material to back up these notorious notions.

23  [25] Chan motions the Court to expand the order to instruct the Plaintiff's to protect the business data ongoing, and thus, outside their standard procedures, of such a short accounting record window, until the conclusion of these proceedings.

24  [26] See Docket 27 Attachment Declaration of Vicki Lawrence par. 8

25  [27] Id. At par 13.

26              **Page 6 of 12**                    Defendant's Reply to Plaintiff's
                                                       Response to Defendant's
                                                    Motion for Protective Injunction

1

**B. The pleadings are inappropriate.**

2

3  Pleading under the Federal rules  provide notice alone.[28] Rule 8 requires only a

4  "short and plain statement of the claim showing that the pleader is entitled to

5  relief."[29]  However, Plaintiff's Complaint, Opposition to Quash, and Opposition to

6  this Motion contain contradictions within themselves.

7  These documents allege Chan purchased nearly a quarter million plastic American

8  Flags from 2002-2007. Alarmed at the plain reading of the Complaint at paragraph

9  16, Chan filed this Motion to protect his customer data supplied to Plaintiff in trust.

10  Their response is to state "there are no records in the Flag Company's accounting

11  system relating to orders placed by Defendants."[30] Where does the basis for the

12  quarter million plastic American flags that Plaintiff alleges  was purchased by

13  Chan, come from?

14

15  This specificity of pleading isn't necessary to allege Lanham infringement. Is

16  Plaintiff alleging something else, unwritten as of yet?[31] Plaintiff does not deny the

17  underlying product is the American flag, and does not speak to the underlying

18  product except in circumspect, and mentions the relevant consuming public only

19

20  [28] *See* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §
    1202, at 68 (2d ed. 1990)

21  [29] FED. R. CIV. P. 8(a)(2).
    [30] The drumbeat of Plaintiff's allegations are contradicted by the Declaration
    and Opposition to this motion, see Opposition to Motion docket 27, page 4

22  footnote 3.
    [31] Other matters are pled in ways to suggest certain relationships and event

23  sequences that are equally puzzling; see footnote 2 in Plaintiff's response
    to this motion. How does Plaintiff 'know' when Chan collected money from

24  customers? See also Declaration of Vicki Lawrence paragraph 6. If Plaintiff
    alleges some kind of 'agreement' in place between them and us, beyond

25  commercial documents such as purchase orders, payment histories, invoices and
    commercial statements, we request the Court compel them to allege it clearly.

26      **Defendant's Reply to Plaintiff's
                            Response to Defendant's
                            Motion for Protective Injunction**

once in all their pleadings. But, the pleadings go to great 'hyper-detail' on things such as when Chan collected money[32]. This heightened pleading of 'fact' is suspect, along with Plaintiff's condition of mind. After all, they have professional counsel, which under Rule 11 implies some level of 'scrubbing' by the officer executing the pleadings.

Simply, there is much subterfuge in Plaintiff's pleadings on their face. *(Alleging a business transaction fact (customer purchased x product) and then stating 'no accounting records exist to support such facts'.)* The matter before you warrants close scrutiny; the hint of Plaintiff's unclean hands in this Courtroom should warrant Your Honor's discretion in granting this Motion, at least, under the judicial estoppel doctrine.[33] At least, we pray to protect the "integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment."[34]

C. By denying it's existence, Plaintiff has misappropriated the List

a) Each of the hundreds of Purchase orders issued by Chan to Plaintiff contained a term – "This is a Blind Drop", an each of Plaintiff's invoices acknowledged in writing their acceptance of the term, and commercial paper.

---

[32] Id. Page 3, footnote 2 curiously defines a sequence of payments. It further purports a course of conduct in direct contravention to Plaintiff's invoices to Chan, which repeat Chan's purchase order terms 'no manufacturers mark'.
[33] Judicial estoppel is an equitable doctrine invoked at a court's discretion. New Hampshire v. Maine, 532 U.S. 742, 750, 121 S.Ct. 1808, 1815, 149 L.Ed.2d 968 (2001).
[34] Id.

Defendant's Reply to Plaintiff's
Response to Defendant's
Motion for Protective Injunction

b) Plaintiff's denies acceptance of "blind drop" implies any confidentiality implication, [35] "at least with respect to Plaintiff." This flies in the face of any google-able description of 'blind drop.'

c) Plaintiff's denial that the list exists, is prima facie evidence, that they have appropriated the list, wrongly. It reasonable for this Honorable Court to infer that accounting systems exist to make lists of customers, for marketing purposes, or business analysis purposes. It is reasonable for the Court to expect pled facts to have a basis.

The mis-appropriation of the list has occurred, it was threatened in the Complaint thus leading to this motion, and in their tortured response and sworn Declaration in opposition, the deed was done. It is appropriate the Motion be granted.

D. The Strike Suits Stink

What has occurred on the face of the pleadings? Plaintiff makes allegations, but has no evidence to back up basic statements of the commercial relationship between Her and Chan. Meanwhile, Chan has a stack of invoices stamped 'paid' from Plaintiff; on these invoices' face, they repeat a 'no mfg marks' term.[36] Any agreements beyond the face of the commercial chain of documents is a 'he said she said.' None of Chan's Purchase orders to Plaintiff, nor did any of Plaintiff's

---

[35] See Docket 27, Resp. at page 6 bottom paragraph "Defendant made no effort...to keep information a secret..."
[36] Chan states 'We have formal paperwork documentation of just about every transaction with Plaintiff, if any are missing, that would be quite the exception. See Exhibit MA-2 for an example PO we issued Plaintiff; all PO's issued are substantively similar.

Defendant's Reply to Plaintiff's
Response to Defendant's
Motion for Protective Injunction

invoices or statements to Chan,  contain a trademark symbol (the 'TM"), or the
mark at issue.

To the contrary, each and every one of Plaintiff's invoices and statements
contained only the root word 'farm,' used generically, without the word flag[37].
This correlates directly with  Chan's e-commerce sites www.farmflags.com and
www.farmflag.com, In contrast, plaintiff's publicly available invoices clearly use
the phrase 'farming flags' in invoices to their retail customers. See Exhibit marked
'Exhibit JD-2' and 'Exhibit JD-3.'[38]

Plaintiff's pre-trademark registration and post-registration marketing materials
need no explanation as to what farming flags are. All the advertisements from
1991[39], and 2007[40] show the term being used generically; with no explanation of
what a farming flag is other than it's use in the consuming public's domain[41]. No
explanation to the relevant public of just what a farming flag is, is necessary, (it
was already known, so there is no need to.) Note Exhibit JD-6[42] shows the ad in a
category called 'farming tools.'

The mark at issue consist of two words, 'farming' and 'flag'. Individually, both are
generic dictionary terms. Particularly, the term farming is a term of art in the real

---

[37] See Judicial Notice Exhibit JD-2p1 and JD-2p2, for the front and back of Plaintiff's invoice; all those made to
Chan are substantively of identical format.
[38] The publicly available United States Patent and Trademark website allows the trademark 'folder' to be
downloaded for viewing. These exhibits are from that folder.
[39] See Judicial Notice Exhibit JD-4 and JD-5, from the USPTO public web server;
[40] See Judicial Notice Exhibit JD-7
[41] Generic use by the party seeking trademark protection is relevant because "[a] kind of estoppel arises when the
proponent of [a] trademark use is proven to have itself used the term before the public as a generic name. . .
."McCarthy § 12:13.
[42] This Exhibit is available on the USPTO public trademark query

Defendant's Reply to Plaintiff's
Response to Defendant's
Motion for Protective Injunction

estate industry, and exists in industry-specific dictionaries. See Exhibit JD-1, copied from a 1983 real estate industry-specific dictionary.

The All Writs Act

Plaintiff's call upon Klay v United Healthgroup.[43]

A preliminary injunction is justified; the motion should be granted. We urge this Honorable Court to find in Chan's favor, and look to "an injunction under 28 U.S.C. § 1651(a), the All Writs Act, which states, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Act does not create any substantive federal jurisdiction."*Id.* And further *see also* <u>Clinton v. Goldsmith,526 U.S. 529, 537, 119 S.Ct. 1538, 1543, 143 L.Ed.2d 720 (1999)</u> (holding that an injunction under the All Writs Act is an extraordinary remedy that "invests a court with a power that is essentially equitable and, as such, not generally available to provide alternatives to other, adequate remedies at law").

Your Honor, the gravaman of the matter is very clear in this case: is the term 'farming flags' generic or not? The Court can determine that Chan might be likely to prevail, or some accrual either way of 50/50. We urge the Court to review the face of these pleadings. The combination of the accrual and an appraisal of the face

---

[43] See Plt. Resp. [docket 27] pg 5, bottom line

Defendant's Reply to Plaintiff's
Response to Defendant's
Motion for Protective Injunction

of the Plaintiff's pleadings tip the scale in favor of granting this Motion to Protect Chan's Customer List.

Respectfully Submitted this 31st Day of December, 2009

Steven A Chan

720 Center Street

Costa Mesa, CA 92627

949-650-6698

2viavr@gmail.com

Defendant's Reply to Plaintiff's
Response to Defendant's
Motion for Protective Injunction

The Flag Company, Inc.
3600 Cantrell Industrial Court
Acworth, Georgia 30101
770-974-0507 / www.flagco.com

0971467

| SALESPERSON | DATE OF INVOICE |
|---|---|
| VICKI | 05/09/07 |

1700   ViaFive
Steve Chan
720 Center Street  -  Unit B
Costa Mesa CA 92627

**SHIP TO**
949.650.6698 / fx 949-631-3080
SEE VICKI FOR PAYMENT
SHIP TO ADDRESS BELOW
PLAIN BOX / VIA FIVE SHIPPER

**TERMS & CONDITIONS - SEE REVERSE**

| 05/09/07 | UPS Ground | | | | Net 10 | SAC0506071050 |
|---|---|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 100 | FARM  12x18x30  USA | | 0.22 | 22.00 |
| 100 | COMPLIMENTS CARDS   white | | 0.05 | 5.00 |
| | PLAIN BOX / NO INFO / SHIPPER IS VIA FIVE | | | |
| | SHIP FREIGHT COLLECT ON UPS#443Y4Y | | | |
| | E-MAIL TRACKING TO LANYI@FIVESTARFLAGS.COM | | | |
| | SHIP TO:  COLDWELL BANKER RESIDENTIAL REALTY | | | |
| | 8 WATERS AVENUE | | | |
| | ROCKY HILL, CT  06067 | | | |
| | ATTN:  RENEE OKO | | | |
| | USE SAC0506071710 AS UPS REF# | | | |
| | | Subtotal | | 27.00 |
| | | **TOTAL** | | 27.00 |

— *Thank You* —

## Terms & Conditions

(1)  **Warranty Disclaimer–** Some color fading due to exposure to the sun is natural and does not affect the usability of the flag and is not a warranty issue. Tears and fraying resulting from high winds and other weather conditions, as well as torn flags and normal wear, are not covered under this warranty. All products are inspected before shipment. Seller makes no warranties, expressed or implied, including but not limited to warranties of merchantability or fitness for a particular purpose. In no event shall Seller be liable to Buyer for incidental, consequential, special or extraordinary damages whatsoever.

(2)  **Shortages & Damages–** Claims for shortages and/or damages must be made by Buyer within 48 hours of receipt of the goods, and no claim made after the expiration of such period will be entertained or allowed.

(3)  **Returns–** All returns must be authorized in advance by Seller within 10 days of receipt of goods by Buyer. Buyer must pre-pay all freight on authorized returned goods. Freight claims resulting from return shipment are the responsibility of Buyer. Custom, non-stock and special order items are not returnable. Returns will not be accepted after 30 days from date of invoice and no adjustments of any kind will be made after 30 days from date of invoice. A 20% restocking fee will be charged against any refund due.

(4)  **Delays–** All orders are accepted by Seller upon the express understanding by the Buyer that Seller shall not be liable for delays in delivery of the goods or inability to deliver the goods caused by or due to inability to obtain transportation, equipment or material, or by reason of fires, floods, strikes, embargoes, actions of any military or civil authorities, whether legal or de facto, labor difficulties, riots, lock outs, acts of God, or similar or different circumstances beyond the control of Seller.

(5)  **Cancellations–** Orders for custom, non-stock and special order items cannot be cancelled except upon terms that will compensate Seller for costs incurred.

(6)  **Back Order–** Seller ships full orders only – No partial shipments.

(7)  **Freight–** All costs of freight, transportation or mailing, and all demurrage charges shall be paid by Buyer.

(8)  **Delivery–** Delivery of the goods by Seller to the carrier at the point of origin shall constitute delivery of the goods to Buyer and thereafter the shipment of the goods shall be at Buyer's risk. All claims and allowances for damage to the merchandise incurred in transit must be filed against and presented to the carrier by Buyer. Small package delivery is via UPS only. Freight is shipped best way via common carriers.

(9)  **Dies, Tools and Patterns–** Charges made for dies, tools and patterns are part of the purchase price of the goods and do not convey ownership to Buyer. All dies, tools and patterns remain the property of Seller, unless agreed by Seller in writing.

(10)  **Payment–** Seller is a mail-order operation and accepts Visa and MasterCard or prepayment by bank checks drawn on U.S. funds. Internet orders are charged online when the order is placed. Net 15 terms are allowed to certain commercial customers with approved credit. Terms are from date of invoice and not from date the goods are received. No extra dating. All payments shall be made in U.S. dollars. Any amounts past due are subject to a service charge of 1.5% per month (18% annually) starting 30 days from invoice date. The minimum merchandise billing amount is $50.00. All prices and specifications are subject to change without notice.

(11)  **Collection–** In the event that legal action is required by Seller to collect the amount owed by Buyer, Buyer will pay Seller all costs of collection including reasonable attorney's fees.

(12)  **Shipping Weights, Prices and Specifications–** Weights will vary according to size of shipping carton and/or packaging materials used. Weights are used for determining approximate freight charges. Seller is not responsible for any difference in calculated freight charges versus actual freight charges. All prices and specifications are subject to change without notice.

Exhibit MA-1-2

# Via Five  -  Five Star Flags

**Purchase Order**

720 Center St. Building B
Costa Mesa, CA 92627
Phone #   949 650 6698
Fax #   949 631 3080

| Account # | Date | P.O. No. |
|---|---|---|
| FC0956 | 5/8/2007 | 11005136 |

| Vendor |
|---|
| The Flag Company<br>3600 Cantrell Ind. Ct.<br>Acworth, GA 30101<br>Attn: Holly |

| Ship To |
|---|
| **Coldwell Banker Residential Realty**<br>**attn Renee Oko**<br>**8 Waters Avenue**<br>**Rocky Hill, CT06067** |

| Confirmation | Five Star Flags | | Ship Via | Requested By | Terms |
|---|---|---|---|---|---|
| Order ID | **sac0508071050** | | Ground | 5/11/2007 | Net 10 |
| Item | Description | Qty | Rate | Shipping Date | Amount |
| 10184-8188 | 12' X 18' on 30' wooden staff 3 mil embossed poly. Pole hem double-stapled onto staff. 'Made in USA' on hem of flag., | 100.00 | 0.22 | 5/8/2007 | 22.00 |
| 10184-1218... | COMPLIMENTS CARDS :4.5' X 5' white, packed by 100 | 1.00 | 3.00 | 5/8/2007 | 3.00 |

*Exhibit MA-2*

| Tracking Number | | **Total** | $25.00 |
|---|---|---|---|
| Vender Invoice Number | | | |

**THIS IS A BLIND DROP:**
**\*\*USE OUR UPS ACCOUNT NUMBER 443Y4Y; NO MFG DOCS & LOGO; NO BACKORDER;  YOU MUST  SHOW  FIVE STAR FLAGS AS SHIPPER, AND SHOW ORDER ID AND CONFIRMATION NUMBER ON SHIPPING LABEL.**
**\*\*You must provide TRACKING NUMBER. WITH MATCHING VIAFIVE PO NUMBER TO VIAFIVE BY EMAIL at LANYI@FIVESTARFLAGS.COM**

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

THE FLAG COMPANY, INC., a     §
Georgia Corporation     §
    §
.     Plaintiff     §
    §
v.     §
    §
STEVEN A. CHAN, LLC (d/b/a FIVE     §
STAR FLAGS and/or VIA5), a     §
California Limited Liability Company,     §
and STEVEN A. CHAN, a California     §
resident,     §
    §
.     Defendants.     §
    §

CIVIL ACTION FILE NO.
1:09-cv-01880-CAP

## Declaration of Steven A. Chan

Comes now specially appearing:

1.    My name is Steven A Chan

2.    I am over the age of eighteen and am competent to give the testimony herein.

3.    I was the Managing Partner of Steven A. Chan, LLC. (The "LLC")

4.    The LLC was formed in 1999, and entered the flag business in 2002, specifically targeting the real estate industry.

5.    The LLC was engaged in lines of businesses that includes manufacturing and sale of flags and flag products.

--1 of 5--

2

6.    Between 2002 through 2007 the LLC and the Plaintiff's company maintained a vendor/customer relationship. Plaintiff was vendor to the LLC.

7.    The LLC issued Purchase Orders containing substantially the terms and conditions on the face of Exhibit 777. There was no reverse-side terms.

8.    Plaintiff mailed hard-copy invoices to the LLC, all substantially of the form, text and style as in Exhibit 778, thus both the Purchase Order, and vendor invoice are within the LLC accounting records in paper form.

9.    AS to the Declaration of Vicki Lawrence (Attachment to Docket 27, Response in Opposition to Motion for Protective Injunction

10.    Paragraph 6. Plaintiff specifies a sequence of payments. Plaintiff had no, and never had, control in any way, nor knowledge of, nor was privy to, any of our customer payment timeframes in any regard whatsoever save the interchange practice compliance.

11.    The LLC policy and procedures in the capture of credit card funds from purchasers presenting VISA and MasterCard purchases executed captures in batch mode daily, on orders we trigger as 'shipped' in the internal accounting systems of the LLC.

3

12. In simpler terms, the LLC did not 'get the money' from the credit card, until product was on a shipping carrier, thus honoring the credit card policy requirements of 'capture funds only when products ship."

13. The cycle is authorized transactions (the credit card presented has available balance as well as validity) sit in queue, until the batch settlement time set up in processing. Authorized funds are 'captured' as all the day's 'authorized-to-capture' transactions settle out at the batch settlement time.

14. Any suggested relationship, or agreement, in any form imagined, between Plaintiff and the LLC, whereby Plaintiff controlled or directed in any regards, payments between the LLC's customers and the LLC, does not exist, save the interchange practice compliance.

15. Plaintiff can not claim She had any 'control' in when the LLC collected 'payment from the customer.' Plaintiff's continuous assertions of this minutia in a competitors transaction processing is subterfuge, since the Plaintiff was a competitor and a supplier at the same time, there is no logical business reason for them to have 'say' or 'rights' or knowledge, in our internal transaction processing.

16. Paragraph 13. Plaintiff and the LLC were direct competitors. Of course, we solicited business from each other customers, as they are the same marketplace, that is, realtors and real estate agents.

17.   The LLC executed hundreds of Purchase Orders to the Plaintiff company. Each and every PO carried specific terms, one of which states in bold type 'Blind drop.' By definition, confidentiality in the form of a 'chinese wall' was erected. On the part of a manufacturer that sells direct, this is a critical blind drop concept when acting as the vendor versus acting as the competitor.

18.   The distinction is one of poaching. The manufacturer-direct / competitor in the market maintains integrity by honoring the Chinese wall.

19.   The LLC stocked some items it does not make, for shipping direct. In many other orders for flag products, a 'blind drop' is routine and standard procedure, throughout the flag industry in this nation.

20.   the LLC orders blind drops to ship branded (trademarked) goods, generic (no label) goods, and commodity product under 'private label'. These are also practices throughout the flag industry in this nation.

21.   The LLC only issued PO's to the Plaintiff for generic goods, in this style: USA flag 12x18inch, on 30" stick... the Plaintiff's invoices substantively echoed these descriptions.

22.   Paragraph 16 - The LLC warned Plaintiff regarding the blind-drop confidentiality requirements, whenever we learned Plaintiff breached the Purchase Order terms by including the prohibited mark. Instance(s) were not numerable, but

5

certainly memorable; as each occurrence indicated a potential breach of faith, and 'poaching' of the LLC's customer.

23.    The LLC and Plaintiff's specifically discussed the LLC customer information when breach was discovered. ON at least one occasion, Plaintiff stated it was 'a mistake' and 'would not happen again.' Plaintiff is and was, keenly aware of the LLC's intentions regarding the confidential nature of the LLC's customer information.

24.    The Plaintiff was keenly aware, under the blind-drop term, that they, the Plaintiff, were NOT a part of the LLC's transactions with it's customers in ANY way, they were not to exist in the customers cognizance of the transaction in any way.


I declare, under penalty of perjury, that the foregoing is true and correct to the best of my personal knowledge and belief.

Executed this 31st day of December, 2009


Steven A Chan
720 Center Street
Costa Mesa, CA 92627
949-650-6698/viavr@gmail.com

--5 of 5--

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THE FLAG COMPANY , INC. a )
Georgia Corporation, )
                  Plaintiff, )
               )    CIVIL ACTION FILE NO.
               )
vs. )
               )    1:09-CV-1880
               )
STEVEN A CHAN, LLC (d/b/a FIVE )
STAR FLAGS and/or VIA5), a )
California Limited Liability Company, )
And STEVEN A. CHAN, a California )
resident )
             Defendant )
_____ )

## CERTIFICATE OF SERVICE

     This is to certify that I have this day manually filed, by placing into a

package, the foregoing **REPLY TO DOCKET 27 [RESPONSE IN**

**OPPOSITION TO MOTION FOR PROTECTIVE INJUNCTION]** with the

Clerk of Court. The Clerk of Court will use the CM/ECF system to automatically

send e-mail notification of such filing to the following attorneys of record:

J. Tucker Barr
Arnold Golden Gregory LLP
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363-1031
Tel: (404) 873-8500
Fax: (404) 873-8501
Email: Tucker.barr@agg.com

Further, a copy has been placed in the US Mail, and sent to:

J. Tucker Barr
Arnold Golden Gregory LLP
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363-1031
Tel: (404) 873-8500
Fax: (404) 873-8501
Email: Tucker.barr@agg.com

Dated, the 25th day of November, 2009

31st day of December, 2009

Steven A Chan

720 Center Street

Costa Mesa, CA 92627

949-650-6698

2viavr@gmail.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Civil Local Rule 7.1D, this is to certify that the foregoing Reply to Docket 27 [Response in Opposition to Motion for Protective Injunction] complies with the font and point selections approved by the Court in Civil Local Rule 5.1C. The foregoing Reply was prepared on computer using New Times Roman font (14 point).

DATED this 25th day of November, 2009

31st day of December, 2009

Steven A Chan

720 Center Street

Costa Mesa, CA 92627

949-650-6698

2viavr@gmail.com