# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THE FLAG COMPANY, INC., § § Plaintiff § § v. § § STEVEN A. CHAN, LLC (d/b/a FIVE STAR FLAGS and/or VIA5) and STEVEN A. CHAN, § § § § Defendants. § § | CIVIL ACTION FILE NO. 1:09-cv-01880-CAP |

## PLAINTIFF'S RESPONSE TO "CHAN'S EVIDENCE OBJECTIONS TO DECLARATION OF LAWRENCE"

Defendant Steven A. Chan ("Chan") has asserted numerous objections to the Declaration of Vicki Lawrence (the "Declaration"), co-founder and Chief Executive Officer of Plaintiff The Flag Company, Inc. ("Plaintiff"). As shown below, Chan's request to strike the Declaration should be denied.

### Response to Section I

Chan contends that the Declaration is defective because it does not conform to 28 U.S.C. § 1746, which requires that an attestation clause be in substantially in the same form as the following: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746(2). In the Declaration, Mrs.

Lawrence states: "I declare, under penalty of perjury, that the foregoing is true and correct to the best of my personal knowledge and belief." Contrary to Chan's contention, this language is in substantially the same form as the example provided in 17 U.S.C. § 1746(2). The language "to the best of my personal knowledge and belief," while perhaps superfluous, merely indicates that the declaration is based on Mrs. Lawrence's personal knowledge and matters she believes to be true based upon her personal knowledge. In other words, Mrs. Lawrence swears, under penalty of perjury, that what she says in her Declaration matches what she knows to be true.

While the Declaration is not defective, Mrs. Lawrence has executed a new delcaration identical to her previous one, with a new attestation clause that exactly matches the wording of 17 U.S.C. § 1746(2). The new declaration is attached hereto as Exhibit A.

### Response to Section II

A. Chan objects to paragraph 6 of the Declaration on numerous grounds. Among other things, Chan complains that Mrs. Lawrence failed to include a detailed discussion of the meaning of the word "coined." Chan apparently believes that Mrs. Lawrence's use of this word means that she claims to be a trademark law expert or that she has attempted to render a legal opinion on the distinctiveness of

the FARMING FLAGS mark. The truth is that Mrs. Lawrence merely used the word "coined" to indicate that she and her husband "came up with" the mark FARMING FLAGS. Mrs. Lawrence does not contend that she was the first to use the words "farming" or "flags," just that she and her husband were the first to put these two words together and use them as a trademark. As such, Chan's objection should be ignored.

B.  Chan objects to paragraphs 7, 8, and 9 of the Declaration on grounds that Exhibits A-C constitute hearsay. These documents are public records of the United States Patent and Trademark Office (USPTO) and fall within the public records exception to the hearsay rule and are admissible. *See* Fed. R. Evid. 803(8). Chan also objects to Exhibits A-C on foundation and/or authenticity grounds. Since Chan has raised this issue, Plaintiff has ordered a certified copy of the file wrapper for the federal trademark FARMING FLAGS from the USPTO and respectfully requests permission to supplement the record upon receipt.

C.  Chan objects to paragraph 11 of the Declaration, in which Mrs. Lawrence states that her company sells products to distributors who offer them for resale. Mrs. Lawrence is the founder of The Flag Company and has run the business for approximately 20 years. She certainly is in a position to know whether she has some customers who resell her company's products. The

foundation for this claim is sufficiently set forth in the Declaration.

D.   Chan objects to paragraph 12 of the Declaration on numerous grounds. In essence, Chan complains that Mrs. Lawrence's statement concerning her company's advertising and advertising expenditures is unsubstantiated and too vague to be admissible. Mrs. Lawrence's statements are based on her personal knowledge as the Chief Executive Officer of the company and are admissible.

E.   Chan objects to paragraph 15 on grounds that Mrs. Lawrence is not competent to testify about how Plaintiff's customers find Plaintiff on the Internet. Again, Mrs. Lawrence certainly is in a position to know this information.

F.   Chan objects to paragraph 16 on grounds that Mrs. Lawrence lacks knowledge about what Mr. Chan "might have done" with the 230,000 flags he purchased from Plaintiff. Notwithstanding the obvious fact that Chan is in the business of selling flags (not merely ordering them, paying for them, and storing them), Chan concedes that the flags were sent to his customers and has produced documents in this lawsuit showing that these customers paid him for the flags. Furthermore, Chan admits in his declaration that his company "sold plastic flags by accepting orders from customers" and that "Plaintiff ... filled the orders." (Declaration of Steven A. Chan filed 10/14/2010 [Doc. No. 84], ¶ 13).

G.   Chan objects to paragraph 18 on grounds that Mrs. Lawrence is

speculating with respect how Chan marketed his flags. Mrs. Lawrence's testimony is based on her personal knowledge, obtained primarily from viewing Chan's websites where Chan sold flag products described as 12"x18"x30" in dimension under the names "Farming Flags," "Farm Flag," and "Farm Flags." (*See* Declaration at Ex. F [Doc. No. 47-14].) Furthermore, Chan has admitted -- both by operation of law and in his late response to Plaintiff's Request for Admission -- that he "used the terms 'farming flags,' 'farm flag' and 'farm flags' in connection with the sale and promotion of flag products that compete with similar products manufactured and sold by Plaintiff." (*See* Chan's Response to Plaintiff's First Request for Admission [Doc. No. 61-23], at Request 15, p. 5.)

H.   Chan objects to that portion of paragraph 19 referencing Exhibit E, which shows technical contact information for Chan's websites. Chan has not objected to the statements in paragraph 19 that "Chan and Chan LLC use the terms 'Farming Flags,' 'Farm Flag,' and 'Farm Flags' on the Internet to market and sell competing flags. In fact, Chan LLC registered the domain names *www.farmflag.com* and *www.farmflags.com* to market and sell these products." Exhibit E was offered merely to substantiate these statements. There is no real dispute that the Chan registered and uses the websites.

I.   Chan objects to paragraph 23 on grounds that it amounts to

conclusory opinion testimony suited only for an expert. Mrs. Lawrence is not attempting to provide an expert opinion. As stated in her Declaration, Mrs. Lawrence has personally observed that conducting Internet searches using the FARMING FLAGS mark returns links to Chan's websites. Chan was free to attempt to offer alternative explanations for this, but did not. Nothing about Mrs. Lawrence's statement is inadmissible.

J.   Chan objects to paragraph 24, 25, and 26 on hearsay grounds. The statements referenced in these paragraphs are not hearsay because they are not offered to prove their truth. They are presented to show actual confusion in the marketplace and are admissible for this purpose. *See* J. Thomas McCarthy, 4 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 23:15 (4th ed.) ("The majority of courts have held either that testimony of plaintiff's employees as to confused customers is not hearsay because it is not offered to prove the truth of any customer's assertion or is admissible under an exception to the hearsay rule").

K.   Chan objects to paragraph 28 on hearsay and lack of foundation grounds, stating "[i]f Plaintiff wants testimony from its attorney then it needs a declaration from the attorney, not Mrs. Lawrence." Mrs. Lawrence is not testifying for Plaintiff's counsel. Her statement is based on her personal knowledge of the dispute. Furthermore, there is no specific statement subject to

the hearsay rule.

L.   Chan objects to paragraph 29 on grounds that it is not a statement of fact and is irrelevant. While Mrs. Lawrence's expression of her motivation for pursuing this lawsuit may not be directly relevant to the elements of Plaintiff's claim for trademark infringement, it is appropriately included in the Declaration and may be given as much weight as the Court deems appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court disregard Chan's evidentiary objections and deny his request to strike the Declaration.

Dated this 1st day of November, 2010.

Respectfully submitted,

ARNALL GOLDEN GREGORY, LLP

/s/ J. Tucker Barr
_____
Scott E. Taylor
Georgia Bar No. 785596
J. Tucker Barr
Georgia Bar No. 140868

Suite 2100
171 17th Street, N.W.
Atlanta, Georgia 30363
(404) 873-8624
(404) 873-8625 (facsimile)

## **LOCAL RULE 7.1D CERTIFICATION**

I hereby certify that this brief has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1C, namely, Times New Roman, 14 point.

/s/ J. Tucker Barr
_____
J. Tucker Barr
Georgia Bar No. 140868

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing PLAINTIFF'S RESPONSE TO "CHAN'S EVIDENCE OBJECTIONS TO DECLARATION OF LAWRENCE" with the Clerk of Court using the CM/ECF system, and further certify that on November 1, 2010, I served Defendants with same by placing a copy in the United States mail, first class, addressed to:

Steven A. Chan, LLC
Attn:  Steven A. Chan, Registered Agent
720A Center Street
Costa Mesa, California 92627


Steven A. Chan
720A Center Street
Costa Mesa, California 92627

Dated this 1st day of November, 2010.

/s/ J. Tucker Barr
_____
J. Tucker Barr
Georgia Bar No. 140868