IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC - 8 2010

JAMES N. HATTEN, CLERK
By: _____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE FLAG COMPANY, INC. a Georgia Corporation, <br><br> Plaintiff, <br><br> v. <br><br> STEVEN A CHAN, LLC (d/b/a FIVE STAR FLAGS and/or VIA5), a California Limited Liability Company, and STEVEN A. CHAN, a California resident, <br><br> Defendant | CIVIL ACTION NO: 1:09-CV-1880 <br><br> Defendant Steven Chan's Opposition to Plaintiff's Motion for Leave to file a Certified Copy of The File Wrapper for the Farming Flags Mark |

### Defendant Steven Chan's Opposition to Plaintiff's Motion for Leave to file a Certified Copy of The File Wrapper for the Farming Flags Mark

Plaintiff seeks leave to supplement its motion for summary judgment by filing what it alleges is the USPTO's file on its mark, and claims that its proposed supplemental material is not at all supplemental. Even though it moves at an

11th hour Thanksgiving eve filing to add its new material, it claims in its motion that its supplemental material is not at all important to its motion for summary judgment.

Plaintiff's motion also lacks citation to the legal authority on which it is based. It cites to no standards, tests, or rules upon which the leave it requests may be granted. It cites to no procedural regulation upon which this court may allow it to supplement its evidence at this late date after the parties have already fully briefed the underlying motion for summary judgment.

Plaintiff's evidence in support of its motion for summary judgment is that which it submitted to the court when it filed its motion for summary judgment. It is the evidence cited in its statement of material fact which it presumably filed when it filed its motion for summary judgment. As stated in pertinent part in LR 56,1B: "The movant for summary judgment shall include with the motion and brief a separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried. Each material fact must be numbered separately and supported by a citation to evidence proving such facts. The court will not consider any fact: (a) not supported by a citation to evidence (including page or paragraph number)."

The evidence that Plaintiff seeks leave to introduce allegedly is the USPTO file regarding Plaintiff's mark, with proper foundational evidence. This evidence was not filed with Plaintiff's motion for summary judgment. It is not cited in its statement of material facts. Plaintiff cites no authority at variant with LR 56.1B that would allow the court to admit its new and supplemental evidence. Plaintiff argues that the new and supplemental evidence that it needs admitted is not new and supplemental and does not need to be admitted. But, this is Plaintiff's third attempt to admit into evidence what it claim is a USPTO file. The first two times it presented some papers that presumably belong to Ms. Lawrence with incompetent foundational testimony that allegedly authenticate Ms. Lawrence's papers as a USPTO file. Now Plaintiff wants admitted what it describes as the USPTO file with a competent foundation. A USPTO file with proper foundational evidence is different from some papers that belong to Ms. Lawrence with incompetent foundational testimony by Ms. Lawrence that her papers are a USPTO file. It is new material and, therefore, it is supplemental.

Plaintiff indicates in its motion that it seeks leave to file supplemental material because of Mr. Chan's foundational objection, even though it contends that Mr. Chan's foundational objection should be overruled because Ms. Lawrence's authentication of the USPTO file is sufficient under FRE 901(b)(1).

FRE 901(b)(1) allows a witness with knowledge to authenticate an item. A witness with knowledge is someone who can testify whether "a matter is what it is claimed to be." Ms. Lawrence is not a witness with knowledge regarding the USPTO's records. She cannot lay the foundation for it. FRE 901(b)(1) is inapplicable.

For the forgoing reasons, Mr. Chan respectfully requests the Court deny leave to file the certified copy of the file wrapper for the mark.

Dated this 30th day of November, 2010.

Respectfully submitted,

*[signature]*

Steven A Chan

American flag manufacturer

Five Star Flags

720 Center St.

Costa Mesa, CA 92627

Local Rule 7.1D Certification

I hereby certify that this brief has been prepared with one of the font and point selections approved by the court in Local Rule 5.1C, namely, Times New Roman, 14 point.

*[signature]*

Steven A Chan

American flag manufacturer

Five Star Flags

720 Center St

Costa Mesa, CA   92627

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE FLAG COMPANY, INC. a Georgia Corporation,<br>    Plaintiff,<br>v.<br>STEVEN A CHAN, LLC (d/b/a FIVE STAR FLAGS and/or VIA5), a California Limited Liability Company, and STEVEN A. CHAN, a California resident,<br>    Defendant | CIVIL ACTION NO:<br>1:09-CV-1880 |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day filed the foregoing Defendant Steven Chan's Opposition to Plaintiff's Motion for Leave to file a Certified Copy of The File Wrapper for the Farming Flags Mark with the Clerk of the Court by placing it in an overnight delivery package and sending it. The Clerk of the Court will use the CM/ECF system to automatically send e-mail notification of such filing to the following attorneys or record:

J Tucker Barr

Arnall Golden Gregory LLP

171 17th Street, N.W. Suite 2100

Atlanta, GA 30363

Email: tucker.barr@agg.com

[signature follows on following page]

Page 1

Dated this 30th day of November, 2010

*[signature]*

Steven A Chan

American flag manufacturer

Five Star Flags

720 Center St

Costa Mesa, CA   92627

Page 2