```
            UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF GEORGIA
                  ATLANTA DIVISION
```

| | |
|---|---|
| THE FLAG COMPANY, INC., | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:09-CV-1880-CAP |
| STEVEN A CHAN, LLC (d/b/a Five Star Flags and/or VIA5), and STEVEN A. CHAN | |
| Defendants. | |

O R D E R

This matter is before the court on the plaintiff's motion to dismiss its claims under Georgia's Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 et seq., and its claim under the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(b) [Doc. No. 110].

By order dated December 15, 2010, this court granted the plaintiff's motion for summary judgment on its Lanham Act, 15 U.S.C. § 1051 et seq., claims, and judgment was entered against the defendants on the same day.  An amended judgment was entered on December 28, 2010.  On January 14, 2011, a notice of appeal was filed by "Steven A Chan d/b/a Five Star Flags and/or VIA5, (defendants)."[1]

The judgment and amended judgment were improperly entered, since other claims were pending at the time that they were entered.

---

[1] This court makes no determination whether this notice was sufficient to appeal the judgment entered against Steven A. Chan, LLC, and Steven A. Chan individually.

Consequently, the appeal from the amended judgment is improper. The motion now before the court is made, presumably, to correct these errors.

Although an appeal normally divests a district court of jurisdiction, the appeal of a non-appealable order does not divest a district court of its jurisdiction.  See United States v. Hitchmon, 602 F.2d 689, 694 (5th Cir.1979) (en banc), superseded by statute on other grounds as recognized in United States v. Martinez, 763 F.2d 1297, 1308, n. 11 (11th Cir.1985).  This court will treat the notice of appeal filed on January 14, 2011, as being from a non-appealable order, since the judgment which it appeals was improperly entered.

The plaintiff's motion to dismiss its claims under Georgia's Deceptive Trade Practices Act and under the federal Anticybersquatting Consumer Protection Act [Doc. No. 110] is GRANTED, and these claims are dismissed with prejudice.  This order is entered nunc pro tunc December 28, 2010.  It is the intent of this order to make the amended judgment entered on December 28, 2010, a final judgment and, thereby, make the appeal filed on January 14, 2011, a proper appeal.[2]

SO ORDERED, this 26th day of October, 2011.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge

---

[2] The court recognizes, of course, that the final determination of whether the appeal is proper lies with the Eleventh Circuit Court of Appeals, not this court.